**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA LORENA CABEZAS, )
)
Plaintiff, )
) CASE No. 8:23 cv 1154 wfj-mam
v. )
)
FEDERAL BUREAU OF INVESTIGATION )
)
Defendant, )
)

---

**COMPLAINT FOR INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

M. Lorena Cabezas alleges upon knowledge as to her own acts and otherwise upon information and belief, the following:

## NATURE OF THE ACTION

1. This is a suit in equity under 28 U.S.C. <Section> 1331 and Federal Rule of Criminal Procedure ("Rule") 41(g) for the return of an aggrieved person's — here, Mrs. Cabezas's— property in possession of the Federal Bureau of Investigation ("FBI").

TPA-68605
AC $402.00

## JURISDICTION AND VENUE

2. As this is a Rule 41(g) action after the completion of criminal proceedings, this court has equitable jurisdiction of this suit.

3. Venue is appropriate under 28 U.S.C. § 1391, as Lorena Cabezas resides in the Tampa Bay area and the property at issue is in possession of the FBI in its Tampa, Florida office.

## PARTIES

4. Mrs. Cabezas is a citizen of the United States and resident of Florida, and is the person aggrieved by the deprivation of the property.

5. The FBI is a component of the Department of Justice, an agency of the United States. The FBI has possession, custody, and control of the property Mrs. Cabezas seeks to have returned to her.

## FACTUAL ALLEGATIONS

6. Mrs. Cabezas is the owner of an AT&T Mobile account acquired in 2005 for her and her family members.

7. This AT&T account contract included cellular telephone service for telephone number (813) 382-0485, which was used by Mrs. Cabezas's son, Andres Cabezas. See Exhibit "1" (2017 account information).

8. As owner of the AT&T account, Mrs. Cabezas was responsible for managing all fees and services of the account contract, including the AT&T-supplied telephones used with the services.

9. The telephone used in connection with the (813) 382-0485 line was an iPhone 5s with serial number F2LLx4H7FF9v.

10. Mrs. Cabezas is the owner of the iPhone possessed and used by Andres Cabezas until May 2017.

11. On January 15, 2015, Mrs. Cabezas and Andres Cabezas jointly formed the medical device company, Dimensional Medical Technologies ("DMT"). Exhibit "2" (Florida Sunbiz documents).

12. As part of DMT's services, it manufactured individualized devices using patient specific medical information and data, including protected health information ("PHI").

13. DMT, and by extension Mrs. Cabezas, was responsible for safeguarding this PHI from unauthorized access.

14. Andres Cabezas would regularly access this PHI on the iPhone in his possession for work purposes for DMT.

15. On May 30, 2017, Andres Cabezas was arrested in Orlando, Florida by the FBI for allegedly violating 18 U.S.C. § 2422(b) in this district.

16. The iPhone in Andres Cabezas's possession was seized by the FBI in this district.

17. On October 20, 2017, the federal district court accepted a plea of guilty from Andres Cabezas on a bill of information for a conviction under 18 U.S.C. § 2252A(a)(2).

18. The plea agreement accepted by the court included a criminal forfeiture provision for the iPhone possessed by Andres, which was alleged to be used in the commission of the crime.

19. The forfeiture provision in the plea agreement was invalid, as Andres was not the owner of the iPhone.

20. On January 2,2018, the district court entered a preliminary order of forfeiture as to Andres Cabezas.

21. The preliminary order of forfeiture only specified the iPhone, and stated nothing about its electronic contents.

22. There was and is no nexus to Andres Cabezas's alleged criminal activity and the electronic contents of the iPhone.

23. On January 17, 2018, the district court sentenced Andres Cabezas to 151 months in prison and, among other things, imposed the criminal forfeiture of the iPhone.

24. On January 22, 2018, Andres Cabezas appealed the criminal judgment.

25. On February 7, 2018, the United States filed a "Declaration of Publication" in Andres Cabezas's criminal case that purported notice of the forfeiture was posted on an official government website for at least 30-consecutive days.

26. The government's declaration was legally insufficient under 28 U.S.C. § 1746, as it omitted any substantial phrasing that the information in the declaration was presented "as true."

27. The government's document supplied with the notice also indicated that the notice was not continuously available for the given 30-day period; on February 2, 2018, there was a period when the notice was not available on the website.

28. On May 9, 2018, the government submitted a motion for a final order of forfeiture that relied on the legally insufficient declaration as proof that it had complied with forfeiture law.

29. On May 18, 2018, the district court, relying on the government's misrepresentation that it had provided competent evidence of its forfeiture actions, granted the government's motion for a final order of forfeiture.

30. In February 2018, DMT was dissolved, with Mrs. Cabezas remaining as its sole agent.

31. On August 29, 2018, Andres Cabezas petitioned the criminal court under Rule 41(g) for the return of the iPhone or a copy of the iPhone's contents.

32. On September 17, 2018, the district court's magistrate denied the motion.

33. Andres Cabezas challenged this denial, and the same Rule 41(g) proceedings were ongoing until about 2020.

34. On January 7, 2019, while Andres Cabezas's criminal appeal was pending, the FBI, through prison SIS officials, attempted to return the iPhone to Andres Cabezas's custody while he was at Coleman Low Federal Prison.

35. Andres Cabezas refused to have the iPhone returned to him in such a manner as to spoliate or taint the iPhone's contents or chain of custody.

36. On January 8, 2017, SIS prison officials returned a form to the FBI acknowledging that they had attempted to return the iPhone and Andres Cabezas had refused to sign the form. Exhibit "3" (FBI's return form).

37. In 2020, Andres Cabezas confirmed to Mrs. Cabezas that he had used the iPhone to store PHI for DMT purposes.

38. On March 22, 2022, the FBI publicly admitted and released documentation that it had attempted to return the iPhone to Andres Cabezas while he was in prison.

39. In April 2023, Mrs. Cabezas learned that the FBI, likely through case agents Kevin L. Kaufman and Rodney J. Hyre, had accessed the internet using Andres Cabezas 's iPhone after his arrest. See Exhibit "4" (showing activity of iPhone on July 9, 2017 at 4:09 UTC (12:09 AM EST)). This is corroborated by the AT&T invoice for July 2017 that is also included in the Exhibit.

40. The FBI's actions call into serious question the security and fidelity of the iPhone's contents.

41. The FBI's actions —known and unknown at this time—may have resulted in PHI being accessed, acquired, used, or disclosed by unauthorized individuals, amounting to a data breach under HIPAA laws.

42. A data breach of PHI may have occurred irrespective of the FBI's intent.

43. A breach —even if inadvertent—would result in fines that Mrs. Cabezas would be responsible for if he is unable to provide notification to individuals affected and details of what caused any breach or unauthorized dissemination of PHI.

44. The information regarding the PHI only exists within the iPhone in possession of the FBI.

**COUNT I: EQUITABLE RETURN OF PROPERTY**

45. This count realleges and incorporates by reference all of the preceding paragraphs.

46. Mrs. Cabezas is the actual and aggrieved owner of the iPhone.

47. Mrs. Cabezas has never been charged with any offense against the United States.

48. The FBI's mishandling of data and evidence is a callous disregard of Mrs. Cabezas's constitutional rights, specifically access to data and evidence that would ensure her compliance with HIPAA laws-and a defense against financial penalties that she would be liable for as a result of the FBI's unnecessary and illegal activities.

49. Mrs. Cabezas has an individual interest in the seized iPhone and its intact contents.

50. Mrs. Cabezas would be irreparably harmed if she is unable to access the intact iPhone and determine —through forensic analysis—if data breaches have occurred and whom it could affect.

51. As the events involving the FBI's mishandling of the iPhone records have come to light after the improperly based final order of forfeiture, there is no other adequate remedy of law for return of the property.

52. Mrs. Cabezas has both possessory interest and clean hands as to the iPhone in possession of the FBI.

53. As the FBI has already attempted to return the iPhone to Andres Cabezas, they should not oppose the return of the intact device to the proper owner, Mrs. Cabezas, who is entitled to its return.

54. The FBI's attempted return of the iPhone to Andres Cabezas demonstrates that they have neither a use nor interest in continued possession of the device.

55. In light of the FBI's irresponsible and illegal actions regarding the PHI and evidence, the FBI's continued seizure of the iPhone constitutes an inequitable deprivation of property which must be returned to Mrs. Cabezas intact and following proper chain of custody procedures to ensure the device can be forensically examined.

**RELIEF REQUESTED**

Wherefore, Mrs. Cabezas prays that this Court:

a. Exercise equitable jurisdiction to review this pleading;

b. Enjoin the defendant from continuing to deprive Mrs. Cabezas of her lawful property and evidence, and ensure the safe return of the iPhone to a

designated agent selected by Mrs. Cabezas to perform any and all necessary examinations of PHI data breaches;

c. Provide expeditious proceeding in this action;

d. Grant such other and further relief as the court may deem appropriate or fair.

Respectfully submitted by M. Lorena Cabezas this ___ day of May, 2023.

M. Lorena Cabezas
3064 Tanglewood Dr
Clearwater, FL 33761
Lorena.Cabezas777@gmail.com
407-432-2001

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____________

M. Lorena Cabezas

A memorandum in support of each request for relief is attached to this filing. Mr. Cabezas respectfully requests this court grant her motions