# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARIA LORENA CABEZAS**,

    Plaintiff,

v.                                Case No. 8:23-cv-1154-WFJ-AAS

**FEDERAL BUREAU OF
INVESTIGATION**

    Defendant,

_____/

## ORDER

Maria Lorena Cabezas ("Plaintiff") has brought suit against the Federal Bureau of Investigation (the "FBI") seeking the return of property. Dkt. 1. Upon consideration of the FBI's Notice Regarding Service of Process, Dkt. 6, and Plaintiff's Return of Service, Dkt. 5, the Court quashes Plaintiff's service of process and grants her an additional thirty days from this Order to serve the appropriate parties under Federal Rule of Civil Procedure 4(i)(1) & (2).

## DISCUSSION

In the instant case, Plaintiff asserts rightful ownership over a cell phone that is currently in the custody of the FBI. The cell phone was in the possession of Plaintiff's son (Andres Fernando Cabezas) at the time of his arrest and conviction.

*See United States v. Cabezas,* 6:17-cr-148-PGB-LHP (M.D. Fla.). It was thereafter subject to forfeiture.

After filing her Complaint, Plaintiff provided service via certified mail to the United States Attorney General in Washington, D.C., the United States Attorney Civil Process Clerk in Washington, D.C., and the Tampa FBI field office. Dkt. 5 at 1–5. Plaintiff did not serve the United States Attorney for the Middle District of Florida.

Given this, the Court must quash Plaintiff's service of process. Federal Rule of Civil Procedure 4 requires a plaintiff serving an agency of the United States—including the FBI—to "deliver a copy of summons and … complaint to the United States Attorney for the district where the action is brought." Fed. R. Civ. P. 4(i)(1)(A)(i). Here, Plaintiff's action is brought in the Middle District of Florida. She consequently must serve the United States Attorney for said district.

If there is a reasonable expectation that a plaintiff may adequately amend the service of process and no risk of prejudice to the defendants, however, a court may reasonably extend the time for service by quashing prior service without a dismissal. *See Talib v. Anders*, No. 3:17-CV-452-J-39JRK, at *2 (M.D. Fla. Oct. 17, 2017). There is no risk of prejudice here and the Court expects that Plaintiff will adequately amend her service of process. Plaintiff is granted an additional thirty days to do so.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1)  Plaintiff's summons for the FBI is **QUASHED**.

(2)  Plaintiff must serve the appropriate parties by August 6, 2023. Plaintiff

must provide the Court with certification of service and documents

reflecting proper, completed service by August 13, 2023.

**DONE AND ORDERED** at Tampa Florida, on July 5, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record